November 29, 1909.

No. 4812.

(Court of Appeal, Parish of Orleans.)

## AMBROSE D. MAYHALL vs. THE GENERAL CONTRACTING COMPANY.

T. M. & J. D. Miller and J. Z. Spearing, C. F. Fletchinger for plaintiff and appellee.

Flynn & Dimitry for defendant and appellant.

ST. PAUL, J.—Plaintiff sued for $10,000 and obtained a verdict and judgment based thereon for $2,750. Defendant moved for a new trial and plaintiff voluntarily remitted "all said verdict" in excess of $750.00.

Judgment was rendered and signed accordingly. Defendant then appealed to this Court, and plaintiff has moved to dismiss the appeal on the ground that the

amount involved exceeds the jurisdiction of this Court.

The motion will not be allowed. After plaintiff had entered his remittitur, the only amount claimed by him was $750, and that was the only amount involved in the case when the final executory judgment was rendered and signed. No judgment could have been rendered for any greater amount. The amount involved at the time of judgment is the test of jurisdiction on appeal.

Motion denied.

June 10, 1909.

## On the Merits.

DUFOUR, J.—The defendant appeals from a judgment in favor of plaintiff for $750, for damages for personal injuries resulting from a fall into a hole excavated in the banquette by defendant in the execution of a contract with the Sewerage Board.

The testimony of the plaintiff, of his son and of a friend who were with him at the time of the accident, is to the effect that there was no light on the sidewalk near the hole, that it was uncovered and that plaintiff walked into the trench.

They add, and in this they are corroborated by a disinterested witness, that there was no barrel over the hole when the accident occurred, but that one was put there immediately afterwards.

The defendants charge that Mayhall was under the influence of liquor, and was guilty of contributory negligence, and its witnesses claim that the hole was covered with a hogshead and had two red lights over it as a warning of danger.

The conflict between the two sets of witnesses is irreconcilable, and the matter is one of credibility.

The fact that defendants' witnesses differ materially with each other as to how the barrel was laid, whether lengthwise or on end, and how the light was placed, gives plausibility to the conclusion of the jury which accepted the plaintiff's version as true.

The claim that plaintiff was drunk is a bold assumption, and is absolutely unwarranted by the record.

The finding of the jury was approved by the Judge, who refused a new trial upon a remittitur being entered for all over $750.

We do not find that there was any contributory negligence.

There was no light to show danger at the point of the accident, the night was dark and the hole could not be seen; in the absence of a warning signal, a pedestrian had the right to assume that the road was clear.

Considering the expenses, loss of time and of salary of plaintiff, the suffering, loss of sleep and nervous shock endured by him, and the further fact that up to the day he testified he was still nervous and in pain, we do not feel at liberty to disturb the amount allowed by the jury and sanctioned by the Judge.

Judgment affirmed.